UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Stonyfield Farm, Inc.

    v.                              Civil No. 08-cv-488-JD

Agro-Farma, Inc.


O R D E R

     Stonyfield Farm, Inc. brought suit against Agro-Farma, Inc., alleging that Agro-Farma delivered defective organic Greek yogurt to Stonyfield in breach of its implied warranty and contract and in violation of the New Hampshire Consumer Protection Act.  Agro-Farma brought counterclaims against Stonyfield and third-party claims against Schrieber Foods, Inc., alleging, among other claims, misappropriation of trade secrets.  Agro-Farma moves to strike portions of Stonyfield's motion for partial summary judgment, challenging the declaration of one of Stonyfield's attorneys that was submitted in support of the motion.

     As an initial matter, Stonyfield notes that Agro-Farma did not contact its attorneys before filing the motion to strike and, therefore, did not attempt to obtain its concurrence, as required by Local Rule 7.1(c).  Agro-Farma did not respond.  Local Rule 7.1(c) serves an important purpose of conserving the court's resources for matters that are actually disputed.  Given the nature of Agro-Farma's motion and Stonyfield's objection, however, concurrence was not likely.  Therefore, the court will

consider Agro-Farma's motion in this instance despite its failure to comply with Local Rule 7.1(c).

## Discussion

Stonyfield submitted the declaration of one of its attorneys, Brian D. Thomas, who states that no documents were produced in discovery which show that the trade secrets Agro-Farma asserts are "not generally known or readily ascertainable by proper means." Agro-Farma contends that Thomas was not disclosed as a fact or expert witness, that he is not qualified to give an opinion on the trade secret issue, and that his declaration violates Federal Rule of Civil Procedure 56(e). Alternatively, Agro-Farma asks that if the declaration is allowed, the law firm representing Stonyfield should be disqualified from representation.

In response, Stonyfield states that it offered Thomas's declaration to satisfy its obligation of candor to the tribunal under the comments from the 2004 ABA Model Code to Rule 3.3. Stonyfield reasons that it would be required to disclose any documents produced in discovery that supported Agro-Farma's trade secret claim and, therefore, conversely it is required to disclose that no such documents exist. Based on that perceived duty, Stonyfield argues that it was required to support its assertion about the absence of documents supporting the trade secret claim with the attorney's declaration. Stonyfield

contends that Thomas is not offering an expert opinion or facts on the trade secret issue but instead is merely establishing that no documents produced during discovery "establish that Agro-Farma's alleged trade secrets are not generally known or readily ascertainable by proper means."

"Summary judgment is appropriate only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law." Evans Cabinet Corp. v. Kitchen Int'l, Inc., 593 F.3d 135, 140 (1st Cir. 2010) (citing Fed. R. Civ. P. 56(c)). A motion for summary judgment can be based on either undisputed material facts that entitle the moving party to judgment as a matter of law or an assertion that the nonmoving party with the burden of proof cannot prove an essential element of its claim. Sensing v. Outback Steahouse of Fl., LLC, 575 F.3d 145, 152 (1st Cir. 2009). In either case, a party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

In this case, Stonyfield is challenging Agro-Farma's ability to prove its misappropriation of trade secrets claim. Stonyfield asserts that Agro-Farma cannot show that its asserted trade secrets are "information . . . that (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by,

other persons . . . ." RSA 350-B:1,IV. In support, Stonyfield offers Thomas's declaration that no documents produced during discovery in this case show that the asserted trade secrets meet the quoted definition.

The asserted trade secrets in this case pertain to yogurt making. Although Stonyfield establishes Thomas's familiarly with discovery in the case, it does not address the question of how Thomas would know whether particular documents show that the asserted yogurt making secrets were "not generally known to, and not being readily ascertainable by proper means by, other persons." Thomas was not disclosed as an expert in yogurt making, and Stonyfield denies that Thomas is an expert. Therefore, Thomas's opinion that no documents were disclosed in discovery that pertain to whether Agro-Farma's asserted yogurt making secrets meet the statutory definition has little if any value.

Stonyfield's reliance on Rule 3.3 is confusing at best. Stonyfield contends that the record lacks proof that Agro-Farma's asserted trade secrets meet the definition provided by RSA 350-B:1. Under Federal Rule of Civil Procedure 11(b), counsel's factual and legal statements in the motion and supporting memorandum must be warranted based on the applicable law and evidence of record. Therefore, Thomas's declaration to the same effect is unnecessary.

Further, Stonyfield speculates that instead of relying on the record the parties provide for and against the motion for

4

partial summary judgment, the court might ask whether any other documents produced in discovery could prove Agro-Farma's case. Stonyfield misunderstands the process. As is noted above, when a properly supported motion for summary judgment is filed, the opposing party must provide competent evidentiary support to show a genuine issue of fact that requires a trial. The court then decides the motion based on the record presented.

## Conclusion

For the foregoing reasons, the defendant's motion to strike parts of the plaintiff's motion for partial summary judgment (document no. 94) is granted. The court will not consider the declaration of Brian D. Thomas submitted in support of the partial motion for summary judgment.

SO ORDERED.

*[Signature]*
Joseph A. DiClerico, Jr.
United States District Judge

November 3, 2010

cc: Jessica L. Copeland, Esquire
    Peter S. Cowan, Esquire
    Ryan K. Cummings, Esquire
    Thomas J. Donovan, Esquire
    Robert J. Fluskey, Jr., Esquire
    Edward A. Haffer, Esquire
    Kevin M. Kearney, Esquire
    Shelagh C.N. Michaud, Esquire
    Vincent Pozzuto, Esquire
    Arnold Rosenblatt, Esquire