UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Stonyfield Farm, Inc.</u>

    v.

<u>Agro-Farma, Inc.</u>                    Civil No. 08-cv-488-JD

    v.

<u>Schreiber Foods, Inc.</u>


<u>O R D E R</u>

    Stonyfield Farm, Inc. moves to preclude the testimony of Agro-Farma, Inc.'s expert witness, Robert L. Bradley, Jr., on the ground that his opinion is limited to yogurt processes known in the dairy industry in the United States.  Stonyfield argues that the relevant scope for purposes of Agro-Farma's misappropriation of trade secrets claim under N.H. Revised Statutes Annotated ("RSA") 350-B:1, IV(a) is the international dairy industry. Based on that interpretation, Stonyfield contends that Bradley's opinion would not be helpful to a trier of fact.  Agro-Farma objects.

    The underlying legal issue, the scope of the dairy industry relevant to Agro-Farma's misappropriation of trade secrets claim under RSA 350-B:1, IV(a), should not and need not be resolved in the context of a motion challenging an expert witness's opinion.

Even if the scope of the relevant industry is international, as Stonyfield contends, that would not be a basis for excluding Bradley's opinion. As Agro-Farma points out, Bradley's opinion about the dairy industry in the United States provides evidence that is relevant to its claim, even if the scope of the industry is international, because Agro-Farma need not prove its entire claim through one witness.

Stonyfield does not contest Bradley's qualifications to provide an opinion on the dairy industry in the United States. The asserted geographical limitation on Bradley's opinion merely would go to its weight, which is a subject for argument at trial. See, e.g., Currier v. United Techs. Corp., 393 F.3d 246, 252 (1st Cir. 2004).

In its objection, Agro-Farma argued that Bradley's opinion encompasses the international dairy industry because in preparing his opinion he reviewed literature pertaining to the dairy industry outside of the United States. Agro-Farma states that Bradley stated in his initial opinion that the literature he reviewed did not identify certain parts of the yogurt-making process and, therefore, did not disclose Agro-Farma's process. Bradley also reviewed literature identified by Stonyfield's experts and concluded that it also did not reveal Agro-Farma's exact process. Stonyfield counters in its reply that Bradley

cannot opine on what is generally known in the international dairy industry because he lacks a sufficient factual basis for that opinion.

Bradley, of course, is limited to the opinions that were properly disclosed, see Fed. R. Civ. P. 37(c), and meet the requirements of Fed. R. Evid. 702. Because Stonyfield raised the limited issue of whether Bradley's opinion about the dairy industry in the United States was admissible as helpful to the trier of fact, that is the only issue that is resolved in this order. To the extent Bradley's opinions may be challenged on other grounds, this order is without prejudice to such challenges.

## Conclusion

For the foregoing reasons, the plaintiff's motion to preclude (document no. 136) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

January 11, 2011

cc: Jessica L. Copeland, Esquire
Peter S. Cowan, Esquire
Ryan K. Cummings, Esquire
Thomas J. Donovan, Esquire
Robert J. Fluskey, Jr., Esquire
Edward A. Haffer, Esquire
Kevin M. Kearney, Esquire
Vincent Pozzuto, Esquire
Arnold Rosenblatt, Esquire
Robert A. Stein, Esquire